## APPEAL OF EMIL B. MEYROWITZ.

Docket No. 3241.   Submitted November 9. 1925.   Decided April 20, 1926.

> Traveling expenses, incurred by the taxpayer in the business of the employing corporation, to be paid out of a fixed salary, are a proper deduction from the income of the taxpayer where there is sufficient evidence to establish such expenditure.

*Frank C. Myers, Esq.*, for the taxpayer.
*W. Frank Gibbs, Esq.*, for the Commissioner.

Before MARQUETTE, MORRIS, GREEN, and LOVE.

This is an appeal from the determination of a deficiency for the year 1919 in the amount of $1,394.49. The deficiency arose from the refusal of the Commissioner to allow as deductions certain traveling expenses alleged to have been incurred in connection with the taxpayer's business.

### FINDINGS OF FACT.

The taxpayer is an individual residing in New York City. During the year 1919 he was the president and principal stockholder of the following corporations: E. B. Meyrowitz, Inc., of New York; E. B. Meyrowitz, Inc., of Minnesota; and E. B. Meyrowitz, Inc., of Paris, a New Jersey corporation, hereinafter referred to as the corporation. These corporations were engaged in the business of manufacturing and selling surgical and optical instruments. Five stores

and a factory were operated in New York City, two stores in St. Paul, one in Minneapolis, one in Detroit, and one in Paris, France. The corporations were affiliated and the stock was closely held by the taxpayer, his wife, two sons, and a daughter. The business was established in 1875 by the taxpayer, and since that time has been owned by taxpayer and his family.

In addition to manufacturing and selling their own surgical and optical instruments, the said corporations imported from, and contracted for the manufacture of some of these goods in, France, Switzerland, Austria, and Germany. It was the practice of the taxpayer to make frequent trips to Europe to keep in touch with the Paris store and the European manufacturers, and to get new ideas and first-hand knowledge of European development in surgical and optical instruments.

Owing to severe losses suffered during the period 1914 to 1919, due to war conditions, and a loss of approximately $102,000 on a building in New York City, it became necessary for the corporations to economize. In pursuance of that policy the taxpayer agreed with the directors of the corporations that his traveling expenses on business trips would be paid by himself out of his salary, which was fixed at $9,000 per annum.

In 1919 it became necessary to make a business trip to get in touch with the manufacturers in Europe whose business relations had been cut off during the prior four years on account of the war. The taxpayer, thereupon, in October, 1919, went to Europe and spent several months in business dealings with foreign manufacturers and sellers of surgical and optical goods in France, Germany, and Switzerland. He also devoted considerable time to the business of the Paris store.

The expenses of the trip in 1919 were as follows:

| | |
|---|---:|
| Steamship passage | $815.00 |
| Paris headquarters, hotel, meals, etc | 1,394.00 |
| Entertainment for business purposes | 820.00 |
| Taxi fares, tips, stenographic services | 250.00 |
| Railroad fares in Europe | 250.00 |
| Hotel expenses on trips | 300.00 |
| Total | 3,829.00 |

In computing the deficiency, the Commissioner did not allow any of these expenses as deductions.

OPINION.

LOVE: The taxpayer was an officer and principal stockholder of several corporations engaged in the manufacture and sale of surgical and optical supplies. It had 10 stores in large cities in the

United States and one in Paris, France. These corporations also handled European-made surgical and optical supplies. The prestige of the European manufacturers in such field is so well known that the necessity for European connection by a large concern in the United States intending to keep abreast with the times is desirable. This was particularly true in 1919, since business relations with Europe had been cut off for four years on account of the World War. The testimony that the trip was for strictly business purposes and not for pleasure is corroborated by long letters to his sons, introduced in evidence, every sentence of which relates to his activities in respect of the business of the corporations. The corporations did not keep minutes of the meetings, but each director testified that the expenses of the business trips were to be paid from salaries and were not paid by the corporation. We are satisfied that the taxpayer has proved legitimate business expenses to the amount of $3,829 for the year 1919, which he is entitled to deduct from income for that year.

Order of redetermination will be entered on 10 days' notice, under Rule 50.